IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JAYLEN SMITH,
     Plaintiff,

v.

     Case No. 1:26-cv-01157-JEH

RONALD WAGHER, *et al.*,
     Defendants.

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**I**

Plaintiff files suit against Defendants Sergeants Ronald Wagher and Charles Lefler, Correctional Officer Carson, Lieutenant Jibben, and Warden Mindi Nurse.

1

On July 13, 2025, Plaintiff was on suicide watch in 1 Gallery, Cell 150 in the North Cell House at Pontiac. Plaintiff alleges Defendant Sergeant Wagher approached his cell to hand him a dinner tray. While Plaintiff's hand was in the "feeding hatch," Defendant Wagher allegedly slammed Plaintiff's hand in the hatch multiple times, kicked the cell door, and made racial comments. (Doc. 1 at p. 5). Defendant Wagher called for backup. Defendants Sergeants Lefler and Jane Doe, Lieutenant Jibben, and Correctional Officer Carson responded to the call. When they arrived, Plaintiff requested medical attention for his injured hand. Defendant Wagher allegedly responded, "Fuck you Smith." *Id.* Plaintiff alleges his thumb was dislocated, and he was in excruciating pain. Plaintiff alleges he did not receive any medical treatment until nurse sick call on December 30, 2025. Plaintiff alleges he lost full range of motion in his hand and thumb.

On an unspecified date, Plaintiff alleges he filed an emergency grievance with Defendant Warden Mindi Nurse, personally gave her a letter, and "informed her of the situation during one of her rounds." *Id.*

**II**

As to the claim of excessive force against Defendant Sergeant Wagher, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force

may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). The Court finds Plaintiff has stated an Eighth Amendment excessive force claim against Defendant Wagher for allegedly slamming Plaintiff's hand in the feeding hatch multiple times on July 13, 2025.

Plaintiff alleges he asked Defendants Wagher, Carson, Lefler, Jibben, and Sergeant Jane Doe for medical treatment for his injured hand on July 13, 2025, but Defendants allegedly denied him medical treatment. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837). The Court finds that Plaintiff's allegations are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendants Wagher, Carson, Lefler, Jibben,

and Sergeant Jane Doe for allegedly denying Plaintiff medical treatment for his hand injury on July 13, 2025.

On an unknown date, Plaintiff alleges he filed an emergency grievance, personally gave Defendant Warden Nurse a letter, and informed her about "the situation" during one of her rounds. (Doc. 1 at p. 5). Based on Plaintiff's sparse allegations, it is unclear if Defendant Warden Nurse knew about his injury or if he requested medical treatment. Plaintiff did not include any specific allegations to demonstrate that Defendant Nurse was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Nurse cannot be liable based only on her status as the supervisor of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Defendant Nurse is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff is advised that Defendant Sergeant Jane Doe cannot be served. The Court will add James Carothers, the current Warden of Pontiac, to assist Plaintiff with the identification of Sergeant Jane Doe. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Carothers aimed solely at identifying Sergeant Jane Doe. After Sergeant Jane Doe has been identified, Warden Carothers may move to be

4

dismissed. Ultimately, it is Plaintiff's responsibility to identify Sergeant Jane Doe and file a Motion to Substitute her real name. The failure to do so will result in the dismissal of Sergeant Jane Doe without prejudice.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on (1) an Eighth Amendment excessive force claim against Defendant Ronald Wagher, who allegedly slammed Plaintiff's hand in the feeding hatch multiple times on July 13, 2025, and (2) an Eighth Amendment deliberate indifference claim against Defendants Ronald Wagher, Carson, Charles Lefler, Jibben, and Sergeant Jane Doe, who allegedly denied Plaintiff medical treatment for his injured hand on July 13, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Defendant Mindi Nurse is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendant Nurse.

3)      The Clerk is directed to ADD Jane Doe (Sergeant) and James Carothers (Warden) as Defendants. James Carothers is named as a Defendant, in his official capacity as the Warden of Pontiac Correctional Center, to assist Plaintiff with identifying Sergeant Jane Doe. Plaintiff may propound written discovery requests upon Warden Carothers aimed solely at identifying Sergeant Jane Doe. After Sergeant Jane Doe has been identified, Warden Carothers may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify Sergeant Jane Doe and file a Motion to Substitute her real name. The failure to do so will result in the dismissal of Sergeant Jane Doe without prejudice.

4)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5)    The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6)    Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7)    If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service.

Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)      Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10)      Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)      Plaintiff shall be provided a copy of all pertinent medical records upon request.

12)      Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard

qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: June 26, 2026

s/Jonathan E. Hawley
U.S. District Judge